OPINION OF THE COURT
Ronald J. McGaw, J.
Defendant seeks dismissal of the charges against him on CPL 30.30 speedy trial grounds. Defendant is charged with two counts of criminal sale of marihuana in the fourth degree in violation of Penal Law § 221.40. The defendant is alleged to have illegally sold marihuana in March of 2000, and the criminal actions alleging criminal sale were originally commenced on March 22, 2000. The defendant was also charged with criminal possession of a hypodermic instrument.
During the pendency of these actions, it is agreed that an adjournment from April 28, 2000 to June 2, 2000 (a period of 35 days) was chargeable to the People. Furthermore, it is undisputed that the original accusatory instruments charging criminal sale of marihuana were dismissed as facially insuf *705 ficient on August 22, 2000, although the related charge of criminal possession of a hypodermic instrument remained open. Then on October 26, 2000, or 65 days after the charges were originally dismissed and 100 days after the original criminal actions were commenced, the instant revised accusatory instruments were filed.
The People contend that, despite the written decision and order of this court dated August 22, 2000 dismissing the previous criminal sale charges, the parties did not actually appear in court on the related hypodermic instrument charge until September 8, 2000. On that date, according to the People, the defendant consented to a further adjournment of the hypodermic instrument charge and to allow the People time to refile the instant charges. The People now argue that under CPL 30.30 (4) (b) the time from at least September 8, 2000 to October 26, 2000 is not chargeable to the People.
In the opinion of the court, a defendant is without power to consent to an adjournment of a terminated case. The court can find no legal basis upon which to hold that a consent on a related case may extend the time for filing a revised accusatory instrument on a dismissed charge, and there is no clear indication that CPL 30.30 (4) (b) has been applied by any court to allow such a comprehensive consent.
In that the People did not file the revised accusatory instruments until 100 days after the commencement of the original criminal actions, the matters must now be dismissed on speedy trial grounds.
Defendant’s motion is granted. The actions are dismissed.